**Mrs. Charlotte WILSON, Plaintiff,**

v.

**The ATWOOD GROUP and Occidental Petroleum Corp., Defendants-Appellees Cross-Appellants,**

v.

**Kirby L. STARK, Worldwide Drilling Consultants, Inc. and Hartford Accident and Indemnity Co., Third-Party Defendants-Appellants Cross-Appellees.**

No. 82–3688.

United States Court of Appeals, Fifth Circuit.

Feb. 21, 1984.

Hebert & Abbott, Lawrence E. Abbott, Scott E. Delacroix, New Orleans, La., for third-party defendants-appellants cross-appellees.

Camp, Carmouche, Palmer, Barsh & Hunter, Donald Ensenat, New Orleans, La., for Atwood.

Hailey, McNamara, McNamara & Hall, Antonio E. Papale, Jr., Metairie, La., for Occidental Petroleum.

Before CLARK, Chief Judge, BROWN, GEE, RUBIN, REAVLEY, POLITZ, RANDALL, TATE, JOHNSON, WILLIAMS, GARWOOD, JOLLY, HIGGINBOTHAM, and DAVIS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The appellants failed to file this appeal within thirty days after the district court entered judgment because, and only because, their counsel had relied on the clerk of court to give notice of the entry of judgment and the clerk failed to do so. Consequently, counsel did not learn of the judgment until the time for appeal had expired. Because the notice of appeal was filed too late, we dismiss the appeal.

This death action was filed in 1979 and later settled by the defendants, The Atwood Group and Occidental Petroleum Corporation. Before settling the primary lawsuit, the defendants filed a third-party complaint against Kirby L. Stark, Worldwide Drilling Consultants, Inc., and Hartford Accident and Indemnity Company. Because the third-party defendants declined to contribute to the settlement, the third-party claim was tried without a jury by Judge Jack M. Gordon in May 1981. Judge Gordon took the case under advisement, but died before rendering judgment. In accordance with the usual procedure in the Eastern District of Louisiana, the case was then reassigned to Judge Patrick E. Carr to act on matters arising until the vacancy caused by Judge Gordon's death could be filled. In April 1982, the case was submitted to Judge Carr on the transcript of the first trial. Judge Carr rendered judgment against the third-party defendants, Stark, Worldwide, and Hartford, and this was entered in June 1982. The third-party defendants made a timely motion for new trial. A hearing was scheduled, but, in the interim, Judge Henry Mentz was appointed to succeed Judge Gordon. In accordance with the usual procedure, all of the cases that had originally been assigned to Judge Gordon were assigned to Judge Mentz. Judge Mentz, therefore, heard the motion without objection by any party on August 11, 1982. He overruled it the next day.

The clerk mailed notice of the order to the third-party plaintiffs (the appellees) but, due to a clerical error, did not mail notice to the third-party defendants (the appellants). Counsel for the third-party defendants did not seek information from the clerk about the status of the motion or take any other step to determine when judgment might be entered. More than two months after judgment was entered, counsel for the third-party plaintiffs, Atwood Group and Occidental, demanded payment of the judgment. Counsel for the third-party defendants thus learned for the first time that the motion for a new trial had been denied. They moved promptly for an enlargement of time in which to file a notice of appeal.

Judge Mentz heard the motion on November 3, 1982. At the hearing it became apparent that, sometime in June, a deputy

clerk had erroneously placed the word "out" beside the third-party defendants' (appellants') names on the docket sheet. The notation "out" indicated that these parties were no longer in the case. Consequently, the clerk had mailed no further notices to their counsel.

Judge Mentz granted the motion to enlarge the time to appeal, relying on Fed.R. Civ.P. 60(b). He vacated and then reentered his denial of the motion for new trial because he did "not find any fault on the part of counsel for third party defendants. In light of the eleven-month delay in the rendering of a decision in this case, it was not unreasonable for counsel to anticipate further delays with respect to a decision on the post-trial motions."

A panel of this court dismissed the appeal. 702 F.2d 77 (5th Cir.1983). The full court granted rehearing en banc. We now reach the same result as the panel.

By its terms, Fed.R.Civ.P. 77(d) precludes this appeal. It states:

Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed....

Advisory Committee Notes explain that this provision was inserted to prevent the procedure employed here. Under the rule previously established by *Hill v. Hawes,* 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283 (1944), if the district court clerk did not notify the parties of judgment, the district court could vacate and reenter its judgment. The Advisory Committee expressly rejected *Hill,* stating:

the decision in *Hill v. Hawes* is to give the district court power, in its discretion and without time limit, and long after the term may have expired, to vacate a judgment and reenter it for the purpose of reviving the right of appeal. This seriously affects the finality of judgments....

Rule 77(d) as amended makes it clear that notification by the clerk of the entry of a judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of judgment and not from the date of notice of the entry. Notification by the clerk is merely for the convenience of litigants.

The rule is strict, but its meaning and purpose are plain. We have consistently held that the simple failure of the clerk to mail notice of the entry of judgment, without more, does not permit relief to a party who has failed to appeal within the prescribed time. *In Re Morrow,* 502 F.2d 520 (5th Cir.1974); *Jones v. Estelle,* 693 F.2d 547 (5th Cir.1982), *cert. denied,* — U.S. ——, 103 S.Ct. 1528, 75 L.Ed.2d 950 (1983); *Nelson v. Foti,* 707 F.2d 170 (5th Cir.1983).

Because of what the panel opinion correctly called the "draconian effect" of rule 77(d), courts have sought to palliate its results by invoking rule 60(b). This rule states that the court may relieve a party from a judgment or order for any "reason justifying relief from the operation of the judgment." In *Hensley v. Chesapeake & Ohio Railway Co.,* 651 F.2d 226 (4th Cir. 1981), the Fourth Circuit held that a court may rely on rule 60(b) to supersede rule 77(d) under "unique circumstances." The District of Columbia Circuit has been even more generous, holding that rule 60(b) permits a district court to vacate and reenter a judgment if the appellant was not at fault in failing to appeal, timely notice was given to neither party, and the appellee will not be prejudiced. *Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institute,* 500 F.2d 808 (D.C.Cir.1974).

This rule simply permits counsel to rely upon the failure of the clerk to give notice if three conditions are satisfied. We are unable to perceive the relevance of the clerk's failure to give notice to the prevailing party. The would-be appellant is neither advantaged nor disadvantaged by the equal ignorance of the prevailing party: the record remains the same, however late the appeal. Examination for prejudice to the prevailing party is therefore paradoxical. There can be no prejudice except detrimental reliance on the failure to appeal, but, if the prevailing party has no notice of the judgment, he cannot rely on its finality.

The effect of this interpretation is virtually a return to *Hill,* the decision that rule 77(d) was designed to overturn. Accordingly, the Second Circuit has rejected this effort to circumvent rule 77(d): "a Rule 60(b)(6) motion may not be granted absent some showing of diligent effort by counsel to ascertain the status of the case." *Mizell v. Attorney General of the State of New York,* 586 F.2d 942, 944–45 n. 2 (2d Cir.1978), *cert. denied,* 440 U.S. 967, 99 S.Ct. 1519, 59 L.Ed.2d 783 (1979).

We accept the district court's findings that this case presents "unique circumstances" and that it was not unreasonable for counsel to anticipate further delay in decision. Fed.R.Civ.P. 52(a). But counsel made no effort to determine whether the decision was likely to be or was being delayed and did not forego action because of his belief that decision was likely to be delayed. He simply relied on the clerk to give notice. Apparently, this was no departure from his usual practice: the record gives no reason to believe he would have acted otherwise under normal circumstances. Delay caused solely by unwarranted reliance on an expectation that notification routine would be followed does not permit intervention by the district court.

■ We have previously permitted relief from the 30-day limit when counsel who filed a belated notice of appeal had not relied on the clerk to give notice of the entry of judgment but had been diligent in attempting either to delay its entry or to inquire about the status of the case. *Smith v. Jackson Tool & Die, Inc.,* 426 F.2d 5 (5th Cir.1970); *Fidelity and Deposit Co. of Maryland v. UsaForm Hail Pool, Inc.,* 523 F.2d 744 (5th Cir.1975), *cert. denied,* 425 U.S. 950, 96 S.Ct. 1725, 48 L.Ed.2d 194 (1976). Other circumstances might also be the basis for relief from a judgment in accordance with rule 60(b). Counsel is not guilty of inexcusable neglect if he fails to run a periodic docket check with the clerk on every pending case to determine whether a judgment has been entered without notice to him. But to be relieved from the effect of a judgment, a party must show more than mere reliance on the clerk to give notice of a judgment.

■ The present appeal, therefore, does not require us to determine whether we should adopt the Second Circuit rule or whether we should permit invocation of rule 60(b) under other circumstances. Today we hold only that unique circumstances do not excuse untimeliness when they are unrelated to counsel's failure to file the appeal.

Perhaps finality and judicial efficiency are not so important as to warrant the emphasis on timeliness required by rule 77(d). A rule that admits equitable considerations might be more desirable than this categorical command. But such values are for the redactors of rules, not their interpreters. Rule 77(d) evinces a decision by the Advisory Committee and by the Supreme Court, in adopting the Committee's recommendation, to choose a simple inexorable mandate over a flexible rule.

For these reasons, the appeal is DISMISSED.

CLARK, Chief Judge, with whom BROWN, TATE, JOHNSON, WILLIAMS and JOLLY, Circuit Judges, join, dissenting:

In this simple-issue, fact-bound appeal, the majority has substituted its conclusion of fact for that reached by the trial court and has created a troubled, unnecessary reversal.

There is no disagreement between us about the language and intent of the pertinent Federal Rules of Civil Procedure. They are clear, direct, and unambiguous. Rule 1 tells us the Rules are to be construed to secure the just, speedy, and inexpensive determination of every action. Rule 60(b)(6) allows the court to relieve a party from the operation of a final judgment when reason justifies that relief. Rule 77(d) makes one exception to Rule 60(b)(6)'s grant of equitable power—the reason cannot be the clerk's failure to notify. There must be *something more.* The compulsion for this dissent comes not from the Rules,

but from their application to the proper facts in this case, which show that something more was found.

Here is the full text of the final Memorandum and Order of the district judge.

The motion before the Court is a motion by the Atwood Group (hereinafter "Atwood") and Occidental Petroleum Company to reconsider the Court's ruling to enlarge the time in which to file a notice of appeal. On November 3, 1982, the Court granted the motion for relief under Rule 60(b) and found that there were "unique circumstances." Atwood, in this motion attaches the affidavits of two deputy clerks which supposedly establish that counsel for third party defendant did not receive notice of the order denying the motion for a new trial because of an error or inadvertent omission within the Clerk's office.

Yet, even in light of these affidavits, the Court is of the belief that "unique circumstances" are still present and therefore the motion to reconsider this Court's ruling is DENIED.

The court is of the belief that unique circumstances were present in that, on May 7 and 8, 1981, the case was tried before the late Judge Jack M. Gordon, yet because of his untimely death the case was reallotted to Judge Patrick Carr, in March, 1982. On April 26, 1982, eleven months after the trial, judgment was rendered by Judge Carr. In July, 1982, the case was transferred to Judge Henry Mentz, who filled the vacancy left by Judge Gordon's untimely death. Judge Mentz was presented with a motion for a rehearing and/or a new trial, which Judge Mentz denied on August 12, 1982. It was notice of this ruling that was apparently not sent or received by counsel for third party defendants.

Because the case had been handled by three different judges, and presumably three different deputy clerks in the Clerk's office, this evidently caused some confusion with respect to what parties were "in" or "out" on the docket sheet. While the affidavits may indicate what the nature of the error and omission was, they also indicate the problems inherent when a case is heard by three different judges.

Further, the Court does not find any fault on the part of counsel for third party defendants. In light of the eleven-month delay in the rendering of a decision in this case, it was not unreasonable for counsel to anticipate further delays with respect to a decision on the post-trial motions.

Because all of the above constitutes unique circumstances, the motion to reconsider is DENIED and the judgment vacated on November 3, 1982, is ORDERED TO BE RE–ENTERED as of this day.

Ultimate facts found by the fact finder come armed with the same buckler and shield of the clearly erroneous rule as subsidiary fact findings. *Pullman Standard v. Swint,* 456 U.S. 273, 102 S.Ct. 1781, 1789–91, 72 L.Ed.2d 66 (1982); *McMillan v. Rust College, Inc.,* 710 F.2d 1112, 1116 (5th Cir. 1983). Appellate courts should not substitute their fact overview for that of the fact finder.

About as succinctly as can be put, the proper trier of fact tells us that the "unique circumstances" found to be present have nothing to do with the clerical error that resulted in a failure to notify counsel of the entry of the vacated judgment. When directly challenged with the provision of Rule 77(d) that "lack of notice by the clerk does not ... authorize the court to relieve a party for failure to appeal within the time allowed," the district court found there was *something more* in the facts of this case that allowed the exercise of the court's residual Rule 60(b) power to relieve the third-party defendants from the final judgment entered August 12, 1982.

That *something more* was his own reasonably unexpected next-day entry of final judgment in a case that had passed through the hands of three judges and had experienced an eleven-month delay in decision. Based on these facts—not on the lack of notice—the district court expressly found

"it was not unreasonable for counsel to anticipate further delays with respect to a decision on the post-trial motions." The majority says it accepts this finding as not clearly erroneous. Yet it proceeds to base its opinion upon its own contrary, unsupported fact finding that counsel for third-party defendant "made no effort to determine whether the decision was likely to be or was being delayed and did not forego action because of his belief that decision was likely to be delayed. He simply relied on the clerk to give notice."

The majority takes the position that this delay was "caused solely by unwarranted reliance on an expectation that [the clerk's] notification routine would be followed"—i.e., counsel should have checked the docket. The trial court found that prior delays warranted counsel's assumption that no action would be taken—i.e., counsel reasonably could not be faulted for not checking the docket. If the majority had not substituted its fact conclusion for that of the trial court, it would not have found itself forced to choose between "equitable considerations" and a "draconian," "strict," "categorical," or "inexorable" construction of Rule 77(d).

Every time there is tension between Rule 60(b) and Rule 77(d) it is because the clerk has failed to perform his Rule 77(d) duty to give notice of the entry of judgment. I believe the majority would concede that even when a clerk gave proper notice and counsel thereafter failed to file a timely notice of appeal, a district court still might find justice required relief. If this were our situation, Rule 77(d) would not have been mentioned. Any challenge would have gone solely to the trial court's exercise of Rule 60(b) power. Such a challenge would be reviewed for abuse of discretion, and we would acknowledge the discretion of the district judge to be broad. Why is Rule 77(d) involved here? The clerk did make a mistake, but the district court eliminated it as a basis of consideration in the Rule 60(b)(6) analysis. When the clerk's mistake did not form any part of the basis for relief, our testing ought solely to be for abuse of discretion under Rule 60(b).

The majority correctly observes that this case presents us with no occasion to take a position on the Second Circuit's footnote dicta discussion in *Mizell, supra,* of the District of Columbia Circuit's views in *Expeditions Unlimited, supra.* Nor is it the place to analyze or apply the holdings in six other circuits, including our own, which have decided that lack of notice does not *ipso facto* bar Rule 60(b) relief. *See, e.g., Rodgers v. Watt,* No. 80–3482 (9th Cir. July 9, 1982); *Hensley v. Chesapeake & O. Ry.,* 651 F.2d 226, 227 (4th Cir.1981); *Scola v. Boat Frances R., Inc.,* 618 F.2d 147, 152 (1st Cir.1980); *Buckeye Cellulose Corp. v. Braggs Elec. Construction Co.,* 569 F.2d 1036, 1038 (8th Cir.1978); *Braden v. University of Pittsburgh,* 552 F.2d 948, 952–55 (3d Cir.1977); *Smith v. Jackson Tool & Die, Inc.,* 426 F.2d 5, 8 (5th Cir.1970) (per curiam); *Fidelity & Deposit Co. of Maryland v. UsaForm Hail Pool, Inc.,* 523 F.2d 744, 751 (5th Cir.1975), cert. denied, 425 U.S. 950, 96 S.Ct. 1725, 48 L.Ed.2d 194 (1976); *see also James v. United States,* 459 U.S. 1044, 103 S.Ct. 465, 466–67, 74 L.Ed.2d 615 (1982) (Brennan, J., denying cert.).

If the majority had not substituted its conclusion that counsel unreasonably failed to check the docket for the district court's contrary conclusion, we would not be engaged in this relatively insignificant en banc exchange. The district court did no more in this case than exercise its broad Rule 60(b) power to relieve counsel of the duty of running a periodic docket check in this case for about two months between the hearing of the motion for new trial and counsel's discovery of the judgment entered against him. The court did this in light of an adequately explained finding that expressly eschewed lack of notice. Certainly, the danger to finality of judgments is no greater, if it is as great, under this Rule 60(b) exercise of trial court discretion than that permitted by the myriad other express and implied powers granted the trial judge under the same Rule.

Because we ought to affirm, I respectfully dissent.