PRIOR PRODUCTS, INC.,
Plaintiff-Appellant,

v.

SOUTHWEST WHEEL–NCL CO., a
Delaware Corporation, et al,
Defendants-Appellees.

No. 86–1338
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 8, 1986.

Michael R. Cooper, Vineyard, Drake & Miller, Dallas, Tex., for plaintiff-appellant.

John C. Sims, Sims, Kidd, Hubbert & Wilson, Lubbock, Tex., for Southwest Wheel-NCL Co.

Hubert A. Crouch, III, Gardere & Wynne, Dallas, Tex., for Southwest Wheel, Inc., etc., et al.

Before GEE, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Prior Products, Inc. (Prior Products) appeals the district court's denial of its motion brought under Rule 60(b) of the Federal Rules of Civil Procedure. The district court's order was final and appealable under 28 U.S.C. § 1291. *See Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 384 n. 2 (5th Cir.1978).

Prior Products brought suit against Southwest Wheel-NCL, Co., Southwest Wheel, Inc., and the Southwest Wheel, Inc. Employee Pension Plan and Trust, for recovery of amounts mistakenly paid by Prior Products to retired employees of Southwest Wheel-NCL Co. The parties conducted discovery in anticipation of trial. At some point Prior Products filed a voluntary petition in bankruptcy. Thereafter, on September 13, 1983, the district court entered an order stating:

> This court has received notification from the defendant's attorney that defendant has filed a petition under Chapter 11 of the Bankruptcy Code. Pursuant to section 362 of the Bankruptcy Code, an automatic stay of the case in this court is now in effect. In an effort to manage this court's docket more efficiently, the above-styled and numbered case will be closed. The case may be re-opened, without prejudice, upon the motion of either party, pursuant to any action taken in the related bankruptcy proceeding. The right to re-open this case shall continue until 30 days after the related bankruptcy proceedings are concluded.

Prior Products' bankruptcy action was dismissed by the bankruptcy court by order dated June 10, 1984. Prior Products, however, did not receive notice of the dismissal until November 14, 1984.[1] On December 12, 1984, Prior Products mailed to the clerk of the court a motion to place the case on the docket. The motion was returned unfiled for failure to comply with the local rules of the court.[2] Prior Products properly filed the motion on January 28, 1985. The motion was denied on January 31, 1985, for the reason that it was not timely filed. Prior Products filed a motion to reconsider on March 26, 1985; that motion was denied on March 27, 1985. On December 16, 1985, Prior Products filed its motion seeking relief under Rule 60(b)(1) and (6). The district court denied that motion on April 8, 1986.

Federal Rule of Civl Procedure 60(b)(1) and (6) provides:

> parties affected by the requested relief to determine whether or not the contemplated motion will be opposed. Such a conference is required for all motions except motions to dismiss the entire action or indictment, motions for judgment, and motions for new trial.

---

1. This fact is apparently not disputed by the appellees.

2. Local Rule 5.1(a) of the United States District Court for the Northern District of Texas provides:
   > Before filing a motion, counsel for a moving party shall confer with the counsel of all

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b) is not to be used as a substitute for appeal; therefore our review of the denial of a Rule 60(b) motion must be "meaningfully narrower" than our review of a district court's order on direct appeal. *Pryor v. United States Postal Service*, 769 F.2d 281, 286 (5th Cir.1985). It is therefore important to note the exact nature of Prior Products' Rule 60(b) motion. In January 1985, Prior Products filed a motion to place this case on the docket. Prior Products' Rule 60(b) motion is directed to relief from the order denying this motion. The district court's decision to deny Prior Products' Rule 60(b) motion will be reversed only for abuse of discretion. *See Vela v. Western Electric Co.*, 709 F.2d 375, 376 (5th Cir. 1983).

Prior Products argues that the erroneous reference to "defendant's" bankruptcy case in the district court's September 1983 order closing the case, the special interests related to pension plans, and the failure of the bankruptcy court to give timely notice of the closing of the bankruptcy action justify reversal of the district court. We do not agree.

■ We can quickly dispose of Prior Products' first argument for reversal. Prior Products obviously did not rely on the error in the district court order as it made a prompt attempt to comply with the order upon learning that its (Prior Products') bankruptcy action had been dismissed.

■ Neither can Prior Products prevail on its argument relying on the strong federal interest in protecting beneficiaries of pension funds. Certainly federal law reflects such a policy. Here, however, the contest was between competing beneficiaries. Unlike the appellants, the appellees periodically checked the status of Prior Products' bankruptcy action; sixty days after dismissal they disbursed the questioned funds in reliance on the district court's September 13, 1983 order. Although it is true that reopening the case may ultimately benefit Prior Products' beneficiaries, the district court in refusing to reopen the case protected the interests of beneficiaries receiving the disbursed funds from the appellees. Thus beneficiaries, as a class of protected persons, were not harmed. Therefore, to refuse to reopen the case because interests of pension beneficiaries were involved was not an abuse of discretion.

Finally, Prior Products cannot rely on the bankruptcy court's failure to give more timely notice of dismissal. In *Wilson v. Atwood Group*, 725 F.2d 255 (5th Cir.1984) (en banc), the clerk of the court failed to give notice to the appellants that judgment had been entered. After the time for appeal had expired, the appellants learned of the entry of the judgment and moved successfully for relief before the district court. We dismissed the appeal under Fed.R. Civ.P. 77(d) which states in part: "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed...." Relying on the Advisory Committee Notes and the language of the Rule, we adopted a strict interpretation. We further noted our consistent holdings "that the simple failure of the clerk to mail notice of the entry of judgment, without more, does not permit relief to a party who has failed to appeal within the prescribed time." *Wilson*, 725 F.2d at 257.

We then discussed the ways in which other courts have utilized Rule 60 to alleviate the "draconian effects" sometimes produced by Rule 77(d). Without adopting a precise standard to be applied in such a situation, we held that no relief was available under Rule 60 under the facts presented in *Wilson*. "[T]o be relieved from the effect of a judgment, a party must show more than mere reliance on the clerk to give notice of a judgment." *Wilson*, 725 F.2d at 258.

■ Although *Wilson* addresses a somewhat different situation, it provides

important observations guiding the application of Rule 60 in the case before us. An attorney has a responsibility to monitor proceedings with some degree of diligence. Failure to comply with scheduled time targets as a result of inadequate monitoring will only be excused when justified by something more than alleged neglect on the part of the clerk. Here Prior Products was not only a party to the bankruptcy proceedings, it was indeed the debtor. Prior to dismissal, the bankruptcy court had been formally advised that all assets had been sold to satisfy the secured creditors and there were no remaining assets to distribute. Counsel therefore should have known that dismissal was imminent and that the proceedings warranted especially diligent monitoring in the light of the thirty-day period in which to reopen this action in district court; yet the record here reflects no effort on the part of Prior Products' counsel to monitor the status of the case from June until notice was finally mailed in November. In view of these facts, we conclude that there was no abuse of discretion on the part of the district court in denying Prior Products' motion for relief under Rule 60.

The order of the district court is therefore

AFFIRMED.