### In re AIR CRASH AT DALLAS/FORT WORTH AIRPORT ON AUGUST 2, 1985.

Mary ELLIS, Individually and As Personal Representative of the Estate of Darlene Brown, Deceased, Plaintiff-Appellee, Cross–Appellant,

v.

DELTA AIR LINES, INC., ("Delta") Defendant-Appellant, Cross–Appellee.

No. 87–1884.

United States Court of Appeals, Fifth Circuit.

Aug. 22, 1988.

Rehearing and Rehearing En Banc Denied Sept. 19, 1988.

Before REAVLEY, JOHNSON and JONES, Circuit Judges.

REAVLEY, Circuit Judge:

Delta Air Lines attempts to appeal the judgment in favor of Mary Ellis. We conclude that we have no jurisdiction because there was no timely notice of appeal.

I

Final judgment in this case was entered on May 27, 1987 and docketed the next day. Ellis then timely filed a motion for a new trial under Fed.R.Civ.P. 59. Included within that filing was a letter to the district judge's clerk asking the clerk to withhold presenting the motion pending a possible stipulation between Ellis and Delta.

Delta sent Ellis an agreement to the stipulation at about the same time that the new trial motion was filed. On June 19, Delta filed its notice of appeal. On July 8, the district court denied the motion for a new trial. The docket sheet indicates that a copy was sent to all parties. Ellis eventually moved in this court to dismiss the appeal based on the June 19 notice of appeal, which we did dismiss on November 4. On October 20, Delta made a Fed.R.Civ.P. 60(b) motion to the district court. That motion's stated purpose was to extend the time for appeal and it alleged that Ellis's counsel made misrepresentations to Delta and the court and submitted an *ex parte* order. On October 28, the district court granted Delta's 60(b) order, vacated its order of July 8 and entered a new order dismissing Ellis's new trial motion on the grounds of mootness. On November 20, Delta filed a new notice of appeal and, four days later, Ellis cross-appealed claiming that the district court's granting of the Rule 60(b) motion was improper.

James E. Cousar, Thompson & Knight, Austin, Tex., Frank Finn, Craig A. Haynes, John H. Martin, Dallas, Tex., for defendant-appellant, cross-appellee.

Gary E. Dienstag, Donald W. Devitt, Springer, Casey, Dienstag & Silverman, Chicago, Ill., for plaintiff-appellee, cross-appellant.

II

A timely notice of appeal is mandatory and jurisdictional. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56,

61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982) (per curiam). A notice of appeal filed before the disposition of a timely Rule 59 motion is a nullity. Fed.R.App.P. 4(a)(4); *Griggs,* 459 U.S. at 60–61, 103 S.Ct. at 403; *Harcon Barge Co. v. D & G Boat Rentals, Inc.,* 784 F.2d 665 (5th Cir.) (en banc), *cert. denied,* 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986). Instead, "[a] new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion." Fed.R.App.P. 4(a)(4).

These rules provide a framework for our decision. As we previously held, and Delta agrees, the June 19 notice of appeal was a nullity. Instead, Delta had 60 days [1] from the July 8 denial of a new trial motion, or until September 8, 1987,[2] to file a notice of appeal. Nor did Delta file a motion to extend the time for appeal. *See* Fed.R. App.P. 4(a)(5). Instead, Delta waited until October 20 to file a Rule 60(b) motion. The sole issue we need to consider is whether the district court abused its discretion in granting that motion. If it did, then Delta's November 20 notice of appeal was untimely and we have no jurisdiction. If, on the other hand, the district court acted correctly, we have jurisdiction.

■ "This Court has ... repeatedly and firmly held that Rule 60(b) cannot be used to extend the time for appeal." *Pryor v. U.S. Postal Service,* 769 F.2d 281, 286 (5th Cir.1985); *see United States v. O'Neil,* 709 F.2d 361, 372 (5th Cir.1983) ("a Rule 60(b) motion may not substitute for a timely appeal"). The purpose behind that firm rule is explained by Professor Wright in his section on Rule 60(b)(6):

The broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests. In particular, it ordinarily is not permissible to use this

motion to remedy a failure to take an appeal. However this is not an inflexible rule and in unusual cases a party who has not taken an appeal may obtain relief on motion.

11 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2864 at 214–15 (West 1973) (hereinafter 11 Wright) (footnotes omitted). Contrary to Delta's assertion, the rule applies even when the district court grants the Rule 60(b) motion. *See, e.g., Wilson v. Atwood Group,* 725 F.2d 255 (5th Cir.) (en banc), *cert. dismissed,* 468 U.S. 1222, 105 S.Ct. 17, 82 L.Ed.2d 912 (1984) (dismissing appeal after district court granted 60(b) motion).

■ By the Rule 60(b) motion Delta attacked the July 8 order but the sole purpose was to extend the time for appeal. It requested the district court to withdraw the July 8 order and to hold that plaintiff's motion for a new trial was "moot by stipulation of the parties." The only effect of granting the Rule 60(b) motion was to give Delta another opportunity to appeal. Given our firm rule of not allowing a 60(b) motion to substitute for an appeal, we must examine Delta's reasons for the motion to determine whether this is an "unusual case" that warrants such extraordinary relief. 11 Wright § 2864 at 215; *see Wilson,* 725 F.2d at 257–58 (failure to receive notice does not justify granting of 60(b) relief to extend time for appeal).[3] Although our cases do not give a great deal of guidance as to when Rule 60(b) relief would be proper, we have stated that "unique circumstances do not excuse untimeliness when they are unrelated to counsel's failure to file the appeal." *Wilson,* 725 F.2d at 258.

Delta's specific reasons for the 60(b) motion were its allegations that Ellis's counsel made misrepresentations to both the court and Delta's counsel and improperly submitted the July 8 order *ex parte.* These allegations are grounded upon a letter

---

**1.** The United States was a party so there is a 60 day period for filing a notice of appeal. Fed.R. App.P. 4(a)(1).

**2.** The last day of the 60 day period was September 6, 1987. Since that day was a Sunday, and the next day was Labor Day, Delta had until

September 8 to file its notice of appeal. Fed.R. App.P. 26(a).

**3.** *Wilson,* our leading case in the area, was based, in large part, on Fed.R.Civ.P. 77(d).

from Ellis's counsel stating that he would withdraw the new trial motion when he received a stipulation the parties were in the process of making. Delta argues that it relied on that correspondence. Delta's argument is that Ellis's counsel did not withdraw the motion but instead had the motion denied on its merits. Delta also complains that the order should have denied the motion because of its mootness.

As we see it, Delta's allegations are inapposite and the problem lay not as much with Ellis as with Rule 4(a)(4) on its face. It is undisputed that the motion was timely filed and Delta knew that. Rule 4(a)(4) specifically states that a new notice of appeal must be filed "within the prescribed time measured from the entry of *the order disposing* of the motion" (emphasis added). Until the court acts on the motion, a notice of appeal cannot be effective. Delta's argument that it relied on Ellis's representation that it would withdraw the order is errant. No matter what Ellis did or did not do, Delta could not file a notice of appeal until the court acted. The court had not acted when Delta filed its June 19 notice of appeal. Delta's claim that it was somehow tricked makes no sense; its idea that Ellis's counsel, acting alone, could dispose of the motion is incorrect. Likewise, it was inconsequential that the cover letter with the new trial motion made reference to submission to the court. The motion was filed. Delta's only proper course was to await disposition by the court.

Delta argues that Ellis's counsel submitted the July 8 order without notice to Delta. Delta also attempts to make significance of the fact that the order denied the motion on the merits instead of denying it as being moot. Assuming that Ellis might have acted improperly in submitting an *ex parte* order, we discern no prejudice to Delta. The docket sheet indicates, and Delta does not argue otherwise, that Delta received a copy of the July 8 order. Yet Delta did nothing. We do not see how, even if the order was submitted *ex parte*, Delta can complain. They had notice of the order. A reading of Rule 4(a)(4) would have shown that their June 19 notice of appeal was ineffective and that they had to file another one.

Delta's argument about the motion being denied on its merits instead of being moot is nonsensical. The time for the notice of appeal runs from "disposition" of the motion for a new trial. The grounds for the court's disposition do not affect the present issue. Whether it was "denied" or "dismissed" does not, indeed, cannot, affect the appeal period. There would have been no difference if the July 8 order had said the motion was moot.

As we said in *Wilson*, 725 F.2d at 285, "unique circumstances do not excuse untimeliness when they are unrelated to counsel's failure to file appeal." The unique circumstances here are unrelated to Delta's failure to file a timely appeal. Delta had notice of the July 8 order and Rule 4(a)(4) told it when it had to file an appeal. Delta's fault lay not in its stars, nor at Ellis's feet, but in itself. The district court abused its discretion in granting Delta's Rule 60(b) motion. Therefore, there was no timely notice of appeal.

APPEAL DISMISSED.