IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50812
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUANA LUGO-VARGAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-98-CR-904-1-EP
--------------------
September 17, 2002

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Juana Lugo-Vargas ("Lugo") appeals the district court's denial of her FED. R. CIV. P. 60(b) motion, which requested that the district court void and re-enter its judgment denying her postconviction motion filed pursuant to FED. R. CRIM. P. 33 and 28 U.S.C. § 2255 so that Lugo could file a timely appeal from that judgment. Lugo asserts that her counsel did not receive notice of the judgment until approximately nine months after its entry.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court also denied Lugo's motion to reopen the time to appeal the judgment pursuant to FED. R. APP. P. 4(a)(6), but Lugo concedes on appeal that she is not entitled to relief under that rule.

Lugo's arguments are precluded by Wilson v. Atwood Group, 725 F.2d 255 (5th Cir. 1984) (en banc), wherein this court refused to grant relief under FED. R. CIV. P. 60(b) to a party that failed to receive notice of the entry of a judgment in time to file an appeal. "[T]o be relieved from the effect of judgment, a party must show more than mere reliance on the clerk to give notice of a judgment." Wilson, 725 F.2d at 258. "The clear purpose of Wilson was to cease the practice of extending the time for appeal by vacating and re-entering judgments in order to accommodate a party that has not received actual notice of the entry of judgment." Latham v. Wells Fargo Bank, 987 F.2d 1199, 1204 (5th Cir. 1993) (quotation and citation omitted). Wilson established a rule that failure to receive notice of the entry of a judgment or order does not alone justify the granting of relief under FED. R. CIV. P. 60(b) to extend the time for appeal. See id. Accordingly, the district court did not abuse its discretion in denying Lugo's Rule 60(b) motion.

AFFIRMED.