# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2007

Charles R. Fulbruge III
Clerk

No. 07-40248
Summary Calendar

GERARDO RAY MORIN

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:05-CV-476

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges

PER CURIAM:*

On February 7, 2007, Gerardo Ray Morin, Texas prisoner # 1037828, appealed the district court's November 2005 dismissal of his 28 U.S.C. § 2254 petition, the January 2007 denial of his Fed. R. Civ. P. 60(b) motion, and the February 2007 denial of his motion for a certificate of appealability (COA). See Spotville v. Cain, 149 F.3d 374, 376-78 (5th Cir. 1998). His § 2254 petition challenged his conviction for aggravated sexual assault. His Rule 60(b) motion

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argued that he was prevented by the district court from timely appealing the dismissal of his § 2254 petition. Morin now seeks a COA from this court.

Morin argues that a July 2006 motion for records and transcripts should have been construed as a timely notice of appeal from the dismissal of his habeas petition because it was filed within the one-year time limit required by Rule 60(b)(1)-(3). Alternatively, he argues that his July 2006 post-judgment motion was proper under Rule 60(b)(4)-(6). He notes that he was ordered by the district court before entry of the judgment dismissing his § 2254 petition not to file any more pleadings. He also notes that it took the district court approximately five months to respond to his July 2006 request for records and transcripts. Finally, he complains that he has never received a full and fair hearing by the district court, including with respect to the claims raised in his § 2254 petition.

Morin's notice of appeal from the dismissal of his § 2254 petition is not timely and is dismissed for lack of jurisdiction. See Fed. R. App. P. 4(a); Bowles v. Russell, 127 S. Ct. 2360, 2364 (2007). Moreover, as Morin was not attempting to use his Rule 60(b) motion to alter the judgment in his underlying habeas petition, but instead attempting to vacate the judgment and have it reentered so he could file a timely notice of appeal, a COA is not necessary. See Dunn v. Cockrell, 302 F.3d 491, 492 & n.1 (5th Cir. 2002); 28 U.S.C. § 2253(c)(1). Accordingly, the motion for a COA is denied as unnecessary.

Morin's appeal from the denial of his Rule 60(b) motion is unavailing. Regardless of whether his Rule 60(b) motion was timely filed, Morin was not entitled to relief under any subsection of Rule 60(b). See Dunn, 302 F.3d at 493; Latham v. Wells Fargo Bank, 987 F.2d 1199, 1204 (5th Cir. 1993); Wilson v. Atwood Group, 725 F.2d 255 (5th Cir. 1984) (en banc). As the district court did not abuse its discretion in denying Morin's Rule 60(b) motion, its judgment denying the motion is affirmed. See Warfield v. Byron, 436 F.3d 551, 555 (5th Cir. 2006).

MOTION FOR COA DENIED AS UNNECESSARY; DISMISSED IN PART; AFFIRMED IN PART.