# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-30850

_____

ASSOCIATED MARINE EQUIPMENT LLC

Plaintiff-Appellee

v.

EDMOND JONES

Defendant-Appellant

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-2837

_____

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

The district court denied Appellant's Rule 60(b) motion. We conclude that the district court should not have denied the motion. Because the facts are insufficiently developed to decide the motion, we vacate the district court's order and remand the case for further proceedings.

## I. BACKGROUND

In mid-2005, Edmund Jones ("Jones") filed a claim with the Department of Labor for injuries he allegedly sustained while aboard the vessel D/B

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

RUSSELL KNIGHT. In response, vessel-owner Associated Marine Equipment, LLC ("AME") filed a complaint against Jones, seeking a declaratory judgment that (1) Jones was a seaman, (2) AME was not obligated to provide maintenance and cure to Jones because Jones did not sustain an injury while in the service of an AME vessel, (3) any of Jones's medical conditions did not arise out of the unseaworthiness of the D/B RUSSELL KNIGHT, and (4) Jones was not entitled to benefits under the Longshore and Harbor Workers' Compensation Act. On August 10, 2005, Jones, through counsel, filed his opposition to the complaint.

By mid-April, 2006, AME complained that Jones's attorney had failed to cooperate with discovery and was generally unresponsive. The record suggests that neither the district court, nor AME, nor Jones had any contact with Jones's attorney after April 7, 2006. On April 14, 2006, AME filed a motion to compel Jones to appear for his deposition and respond to written discovery requests. There was no opposition or other response to AME's motion. The magistrate judge granted the motion to compel and declared that failure to comply with the order would result in a report and recommendation that Jones's opposition to AME's suit be dismissed.

On June 13, 2006, AME moved to dismiss Jones's opposition to its suit, complaining that Jones never tendered his discovery responses or appeared for his deposition. Once again, there was no opposition or other response. The district court granted AME's motion and entered a declaratory judgment for AME. The district court also dismissed with prejudice any Jones Act claim that Jones had attempted to bring. Finally, the district court ordered Jones to pay AME's attorney's fees, expenses, and costs incurred with filing its motion. No notice of appeal was filed after entry of the judgment.

Nearly six months later and represented by a new attorney, Jones filed a motion for relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b). Jones claimed that the sole reason for his absence throughout the proceedings was his attorney's complete failure to inform him of the court's

orders to comply with AME's discovery requests. Jones suggested that the unique circumstances of the post-Katrina environment led to his attorney's failure to keep him abreast of developments in the litigation and asked that his attorney's personal problems not be visited upon him. Jones attached an affidavit to his motion wherein he stated that, "[d]espite repeated attempts to contact [his attorney], he was never successful in doing so." Jones also asserted in his affidavit that "[a]t no time was he ever made aware by his attorney . . . or anyone else of any order of court to comply with discovery or to attend a deposition." Jones requested oral argument and the opportunity to present live testimony.

Sometime after denying the motion for oral argument, the district court denied the Rule 60(b) motion, noting that the record reflected that the court and AME's attorney had been able to communicate with Jones's attorney after Hurricane Katrina, that Jones had never complained to the court of an inability to communicate with his attorney, and that Jones had not contacted the court to determine the status of his case until a year and a half after the storm. The court held that Jones had not shown excusable neglect warranting relief under Rule 60(b). Jones gave timely notice of appeal from this order.

## II. DISCUSSION

Because Jones is pro se, we liberally construe his arguments. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). Further, Jones is a seaman, and "[s]eamen . . . are wards of admiralty whose rights federal courts are duty-bound to jealously protect." Steverson v. GlobalSantaFe Corp., 508 F.3d 300, 303 (5th Cir. 2007).

Rule 60(b) provides, in pertinent part,

Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
      (1) mistake, inadvertence, surprise, or excusable neglect; [or]

3

. . .
    (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Rule 60(b) acts to balance "the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. Unit A Jan. 1981) (quoting Bankers Mortgage Co. v. United States, 423 F.2d 73, 77 (5th Cir. 1970)).

> What is meant by this general statement is that, although the desideratum of finality is an important goal, the justice-function of the courts demands that it must yield, in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the cause.

Id. Thus, while we must be mindful of the interests in finality that the preservation of a judgment serves, we also must recognize that these interests are not inviolate. Id.

We review the district court's denial of a Rule 60(b) motion for an abuse of discretion.[1] Id. at 402.

> It is not enough that the granting of relief might have been permissible, or even warranted—denial must have been so unwarranted as to constitute an abuse of discretion. Nevertheless, the discretion of the district court is not unbounded, and must be exercised in light of the balance that is struck by Rule 60(b) between the desideratum of finality and the demands of justice.

Id. (citation omitted). "[W]here denial of relief precludes examination of the full merits of the cause, even a slight abuse may justify reversal." Id. Consequently, Rule 60(b) "is applied most liberally to judgments in default." Id. at 403. In reviewing decisions bearing "the characteristics of a default judgment," we will

---

[1] "The district court's denial of an evidentiary hearing is also subject to abuse of discretion review." McCorvey v. Hill, 385 F.3d 846, 848 (5th Cir. 2004). AME contends that the question of whether the district court abused its discretion in denying Jones's motion for an evidentiary hearing is not properly before the court because Jones did not file a notice of appeal from that order. This contention is without merit. See Trust Co. of La. v. N.N.P. Inc., 104 F.3d 1478, 1485 (5th Cir. 1997) ("[A]n appeal from a final judgment sufficiently preserves all prior orders intertwined with the final judgment").

liberally construe Rule 60(b) "in favor of trial on the full merits of the case. Thus, unless it appears that no injustice was done by the judgment, the equities in such cases will militate strongly in favor of relief." Id.

In Seven Elves, several defendants were represented by the same counsel in a malicious prosecution and slander suit. Id. at 398. The appeal involved two of the defendants, whom counsel had told that "no action would be required of them unless and until he contacted them." Id. at 403. Wholly unbeknownst to these two defendants, their counsel later withdrew from the case, and the defendants were consequently absent from and unrepresented at trial. Id. at 399. The district court struck these defendants' pleadings and entered judgment against them. Id. When the defendants learned of the judgment, they immediately retained new counsel and requested relief from the district court. Id. The court later denied their Rule 60(b) motion. Id.

On appeal, this court reversed the district court's denial of the motion. Id. at 404. We noted that the defendants' "absence resulted from the confluence of a number of unusual circumstances:"

> they were informed by their attorney that no action would be required of them unless and until he contacted them; he subsequently "withdrew" from the case without being relieved as attorney of record or informing the appellants of his withdrawal; he determined he would not appear at trial without informing the appellants of that decision; and although notice of trial was forwarded to the appellants, they did not in fact receive it.

Id. at 403. We recognized that the defendants had "rel[ied] on the assurances of their attorney, as might any laymen." Id. As a consequence, the defendants "found themselves the judgment debtors of [the plaintiff] in the amount of a quarter of a million dollars without ever having had their day in court." Id. Thus, we ruled that the desire for finality "must yield to the equities of the case in order that the appellants may be afforded their day in court." Id.

AME argues that Jones is not entitled to relief under Rule 60(b) because his failure to respond to discovery requests was due to his own "gross

carelessness" and "ignorance of the rules." AME asserts that Jones had a duty to inquire into the status of his case and that his failure to do so was inexcusable neglect. AME also suggests that the proper avenue for Jones to obtain relief would be a malpractice suit against his first attorney.[2]

Granted, this court has previously held "that a party has a duty of diligence to inquire about the status of a case, and that Rule 60(b) relief will be afforded only in 'unique circumstances.'" Pryor v. U.S. Postal Serv., 769 F.2d 281, 287 (5th Cir. 1985) (quoting Wilson v. Atwood Group, 725 F.2d 255, 257, 258 (5th Cir. 1984) (en banc)). In Pryor, the district court dismissed a plaintiff's claim for want of prosecution after the plaintiff and his counsel failed to respond to the defendant's motion to dismiss, appear at the motion conference, request a continuance, or contact the court in any other way. Id. at 283. That same counsel later filed what was effectively a Rule 60(b) motion on behalf of the plaintiff, wherein counsel gave no reason for his absence at the conference. Id. After a number of procedural missteps, plaintiff's counsel eventually filed another Rule 60(b) motion, asserting that counsel's absence was due to a conflicting appointment in another court. Id. at 284.

The district court later denied the plaintiff's Rule 60(b) motion, and this court affirmed. Id. We noted that plaintiff's counsel had at first "neither recited any facts nor offered any reasons—even of a conclusory nature—for his absence from the motion conference (or for the subsequent delay in bringing the matter before the court)." Id. at 287. When plaintiff's counsel did eventually attempt

---

[2] AME also asserts that any appeal of Jones's Rule 60(b) motion is moot because Jones did not file a timely appeal from the district court's August 4, 2006 order granting AME's motion to dismiss. According to AME, the August 4, 2006 order is final, and thus any reconsideration of the subsequent Rule 60(b) motion is moot. AME seems to suggest that a meritorious Rule 60(b) motion cannot alter a final judgment. This is patently absurd; the very purpose of Rule 60(b) is to "relieve a party or its legal representative from a final judgment, order, or proceeding." FED. R. CIV. P. 60(b) (emphasis added). It is beyond the need for citation that, were this court to find that the district court abused its discretion in denying Jones's Rule 60(b) motion, we would be well within our authority in reversing the district court's denial of the motion and remanding the case for further proceedings.

to offer "anything approaching a reason for his unexcused absence from the motion conference," we found his explanation woefully inadequate and noted "that conflicts in scheduling do not provide sufficient excuse to warrant relief under Rule 60(b)(1)." Id. Although the plaintiff urged the court not to fault him for "the mistakes and omissions of an indifferent counsel," this court ultimately held that his counsel's negligence was insufficient to warrant an exception to the general rule of finality. Id. at 288.

Similarly, in Wilson, counsel for third-party defendants had failed to file a timely appeal because the clerk of the court had never mailed counsel notice that the court had denied their motion for a new trial. 725 F.2d at 256. We noted that "[c]ounsel for the third-party defendants did not seek information from the clerk about the status of the motion or take any other step to determine when judgment might be entered." Id. This court held that Rule 60(b) could not be used to circumvent the general rule that "the simple failure of the clerk to mail notice of the entry of judgment, without more, does not permit relief to a party who has failed to appeal within the prescribed time." Id. at 257. Although counsel in Wilson had demonstrated unique circumstances, this court held "that unique circumstances do not excuse untimeliness when they are unrelated to counsel's failure to file the appeal." Id. at 258.

In both Pryor and Wilson, there was no indication that the parties' counsel had ever ceased representing them. Indeed, it appears that in both cases, counsel who filed the Rule 60(b) motion were asking the court to excuse their own mistakes, negligence, or incompetence. We found Rule 60(b) inapplicable to provide relief from the errors that counsel had committed during the actual representation of their clients.

In the present case, the district court's order was based primarily on Jones's failure to monitor the status of his lawsuit, not his counsel's. Although Pryor and Wilson establish that litigants have a general duty to monitor the status of their pending cases, neither case stands for the proposition that a party

represented by counsel has an independent duty to monitor the status of pending litigation; it was counsel's failure to follow the pending litigation that was at issue. At the time Jones was faulted for failing to contact the court, he believed that he was still represented by counsel. If Jones was in fact represented, then it is arguable that Jones's counsel breached her duty to monitor the status of Jones's suit. In such a case, Pryor or Wilson might be persuasive.

But Jones is not asking to be excused for the mistakes, carelessness, or incompetence of his counsel, distinguishing his case from Pryor and Wilson. He is instead asking to be relieved of the consequences of his attorney abandoning him without his knowledge. As recounted above, Jones asserts that he could not contact his counsel despite his repeated attempts to do so. Indeed, from the evidence in the record, Jones's scenario seems to resemble more closely that of the parties in Seven Elves, where counsel's abandonment of his clients warranted relief from the judgment. See 635 F.2d at 403. In Seven Elves, counsel had ceased representing the defendants without their knowledge. Id. at 399. From the evidence before us in the present case, it appears that Jones's counsel might have done the very same.

Further, the equities of this case appear to favor Jones.[3] Cf. id. at 402–03. Jones was not using his Rule 60(b) motion as a substitute for appeal. The record indicates that Jones was completely abandoned by his attorney, resulting in a series of motions and decisions in AME's favor that went entirely unopposed and unquestioned. More importantly, the judgment against Jones bears the characteristics of a default judgment: the court entered it in Jones's absence prior to taking any evidence apart from that related to his failure to respond to discovery. Indeed, Jones never had an opportunity to present his case on the

---

[3] Although AME contends, and the district court implicitly found, that AME would be prejudiced if the judgment is disturbed because Jones had surgery without first submitting to an independent medical examination, there is no evidence of that fact in the record apart from a statement made on information and belief of counsel. AME only informally requested the exam, and the court never ordered Jones to submit to such an exam.

merits. And, to top it off, the district court ordered that Jones bear AME's fees, expenses, and costs.

We cannot conclusively determine, however, whether the district court should have granted Jones's Rule 60(b) motion, as the facts have not been sufficiently developed. Because Jones's affidavit is excessively conclusory and lacking in specific information, it is unclear whether the Rule 60(b) motion was filed within a reasonable time. Unlike Seven Elves, the record does not reflect the nature of Jones's dealings with his attorney or the timing of his realization that his lawsuit had been dismissed. Jones's motion and affidavit do not explain in detail the nature of the difficulties that Jones (or his attorney) experienced after Hurricane Katrina. The record does not reflect whether a malpractice action against Jones's attorney would provide Jones with an adequate remedy. Also, Jones has made no showing that there is merit to his Jones Act claim.

For these reasons, we cannot say that the district court should have granted Jones's Rule 60(b) motion. We can, however, say that denial of Jones's motion was premature. Consequently, we VACATE the order and REMAND the case to the district court for further proceedings consistent with this opinion, including, if necessary, an evidentiary hearing.

VACATED AND REMANDED.