# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 6, 2011

No. 10-30582
Summary Calendar

Lyle W. Cayce
Clerk

ASSOCIATED MARINE EQUIPMENT, LLC

Plaintiff-Appellant

v.

EDMOND JONES

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-2837

Before WIENER, PRADO, and OWEN Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Associated Marine Equipment ("AME") appeals the district court's grant of Defendant-Appellee Edmond Jones's FED. R. CIV. P. 60(b) motion for relief from judgment. Jones, in response, filed a motion to dismiss AME's appeal for lack of appellate jurisdiction. We grant Jones's motion and dismiss this appeal.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30582

## I. FACTS AND PROCEEDINGS

This case is before us for a second time.[1]  On appeal from the district court's original denial of Jones's Rule 60(b) motion, we vacated the court's order and remanded on the ground that the record was not sufficiently developed, making the denial order premature.  The district court then developed the record by taking the depositions of Jones, his wife, and his former lawyer, Clara Toombs. After subsequent briefing and oral argument, the district court granted Jones's Rule 60(b) motion for relief from the judgment.

Rule 60(b) permits the district court to relieve a party from the effect of a final judgment for several reasons, including mistake, surprise, excusable neglect, newly discovered evidence, fraud, release, satisfaction, and any other reason that justifies such disposition.  The "main application [of a Rule 60 motion] is to those cases in which the true merits of a case might never be considered because of technical error . . . ."[2]  We ordinarily do not have jurisdiction to hear appeals of Rule 60(b) motions because they are purely interlocutory.[3]  Among the limited exceptions, however, is when "the district court acts without the power to do so."[4]

In the instant case, AME alleges that Jones did not file his motion within a reasonable time, which is a requirement for the district court to have jurisdiction to consider a Rule 60(b)(6) motion.  The district court entered the original judgment against Jones in August, 2006.  Jones, however, did not find out about the dismissal of his case until October or November of that year.

---

[1] *Assoc. Marine Equip. v. Jones*, 301 F. App'x 346 (5th Cir. 2008).

[2] *Fackelman v. Bell*, 564 F.2d 734, 735 (5th Cir. 1977).

[3] *Hand v. United States*, 441 F.2d 529, 531 n.1 (5th Cir. 1971).

[4] *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004) (emphasis and citation omitted).

No. 10-30582

Then, Jones did not file his Rule 60(b) motion until February, 2007, some three to four months after learning that his claims had been dismissed and almost six months after AME had moved to dismiss Jones's opposition to its suit.

## II. ANALYSIS

Although Rule 60(b)(1) motions must be filed within one year after entry of the judgment or order, Rule 60(b)(6) motions, such as this one, are subject to the more nebulous "reasonable time" requirement. A reasonable time for filing such a motion is defined by the particular facts and circumstances of each case.[5] In this case, AME contends that there was unreasonable delay because (1) Jones waited several months after the final judgment before he even attempted to determine the status of his case, and (2) Jones then waited three to four months after learning that the judgment against him had been entered before he filed his Rule 60(b) motion.

It is true that a party has a duty of diligence to inquire as to the status of his case.[6] This duty does not hold, however, for a client whose counsel withdraws without informing him.[7] In the instant case, Jones believed (and had good reason to believe) that he was being adequately represented by his now-former lawyer, Clara Toombs. In reality, as the further developed record shows, Toombs relocated to Monroe, Louisiana after Hurricane Katrina and was

---

[5] *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 119 (5th Cir. 1992). *See also Sudeikis v. Chicago Transit Auth.*, 774 F.2d 766, 769 (7th Cir. 1985) ("There is no hard and fast rule as to how much time is reasonable for the filing of a Rule 60(b)(6) motion; courts have found periods of as little as a few months unreasonable, and have found periods of as long as three years reasonable.").

[6] *See Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir 1985); *Wilson v. Altwood Group*, 725 F.2d 255, 257-58 (5th Cir. 1984) (en banc).

[7] *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 403 (5th Cir. 1981).

generally non-responsive to Jones's repeated attempts to contact her.[8]  The
district court credited and relied on Jones's testimony that he believed that
Toombs was representing him through August, 2006.  Furthermore, at that time,
Jones and his wife were trying to rebuild their lives following Katrina.  Jones
had to rebuild his home, which suffered major damage during the hurricane.  In
addition, just before Katrina, Jones had developed a hole in the pallet of his
mouth which left him unable to speak for several months and required three
surgeries to correct.  In light of the confusion after Katrina, Jones's ill health,
and his belief that Toombs was representing his interests adequately, it is
reasonable that it took Jones until the fall of 2006 to ascertain the status of his
claims.

Additionally, the three to four month delay between learning that his
claims had been dismissed and the filing of his Rule 60(b) motion was not
unreasonable.  According to Jones's testimony, he interviewed two lawyers as
potential replacements for Toombs and was declined both times before finding
new counsel to take over his case.  Morever, Jones underwent his last surgery
in October 2006, which almost certainly contributed to his delay.  Furthermore,
because the case was dismissed for Jones's failure to tender discovery responses
or appear for his deposition — no doubt as a result of Toombs's failure to
communicate with Jones — he never had the opportunity to litigate the merits
of his case.  Although we consider "finality . . . an important goal, the justice-
function of the courts demands that it must yield, in appropriate circumstances,

---

[8] The record further indicates that Toombs (1) never advised Jones of his scheduled
deposition, (2) never transmitted the responses to AME interrogatories that she had received
from Jones, (3) never accepted the medical records that Jones transmitted to her correct
address by certified mail, (4) never advised Jones of a pending trial date, and (5) never told
Jones that his case had been dismissed or that a judgment had been rendered against him for
attorney's fees, expenses and costs.

to the equities of the particular case in order that judgment might reflect the true merits of the case."[9]

### III.  CONCLUSION

We hold that Jones's Rule 60(b) motion, which the district court granted, was timely for the reasons set forth above. We therefore lack appellate jurisdiction to hear this appeal.  Accordingly, we GRANT Jones's motion to dismiss this appeal for lack of appellate jurisdiction and REMAND this case for further proceedings, consistent herewith.

---

[9] *Seven Elves*, 635 F.2d at 401.