**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 92-2113
Summary Calendar

_____

In the Matter of:
WOOD F. JONES and MARY JONES,

Debtors,

WOOD F. JONES and MARY JONES,

Appellants,

VERSUS

W.J. SERVICES, INC.,

Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

(August 21, 1992)

Before JONES, DUHÉ, and WIENER, Circuit Judges.

DUHÉ, Circuit Judge:

This appeal requires us to decide whether the district court abused its discretion in denying the Appellants' motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). Because we find no abuse of discretion even when the new procedural rules are applied, we affirm.

I.

Wood F. and Mary Jones, along with their business W.J. Services, Inc., have been debtors in a Chapter 11 bankruptcy

proceeding. The bankruptcy court appointed trustees for the debtors, who sued the Commercial State Bank of El Campo and others on lender liability theories. The case was settled to the satisfaction of the trustees but not of the Joneses. After the bankruptcy court approved the settlement, the Joneses appealed to the district court.

In an order entered into the docket on June 10, 1991, the district court affirmed the bankruptcy court. The clerk of the district court mailed notices to counsel, but the Appellants' counsel had moved his office, and the Postal Service returned his notice to the clerk. According to their affidavits, however, the Appellants and their counsel did not rely solely on receiving notice from the clerk. They "routinely and periodically checked the docket sheet to determine whether an order resolving the consolidated appeals had been entered." 1 R. 162-63. According to the Appellants' argument, they failed to see the entry of the order because it was entered on the reverse of the first page of the docket sheet instead of on a separate sheet.

The Appellants discovered that an order had been entered when the district judge referred to the order while on the bench in a related proceeding that took place August 15, 1991. The Appellants wanted to appeal the order, but the time for appeal, or to request an enlargement of time to appeal, had already expired. See Fed. R. App. P. 4(a)(1), (5). On September 5, 1991, therefore, they filed a Motion to Set Aside Order Pursuant to Fed. R. Civ. P. 60(b). The district court denied the motion, and the Joneses have properly

appealed the denial.

## II.

In their claim for relief under Rule 60(b), the Appellants rely primarily on the fact that the entry of affirmance is on the reverse of the docket sheet instead of on a separate sheet. They also argued that the clerk was negligent because he failed to take further steps once the first notice was returned by the Postal Service. These facts do not help the Appellants under the applicable law.

The interplay of several procedural rules determines the outcome of this case. The Appellants have cast their claim under Rule 60(b)(6), which states that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for [several enumerated reasons] or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Whether to grant such relief rests within the discretion of the district court. "It is not enough that the granting of relief might have been permissible, or even warranted--denial must have been so unwarranted as to constitute an abuse of discretion." Crutcher v. Aetna Life Ins. Co., 746 F.2d 1076, 1082 (5th Cir. 1984). The scope of our review, therefore, is constrained.

The district court had to consider several factors in exercising its discretion. First, the record is bereft of any indication that counsel complied with the local rule requiring attorneys to provide the clerk with written notice of a change of

3

address.  See S.D. Tex. R. 2.F.  This default by counsel in turn frustrated Rule 77(d), which directs the clerk to send notice to counsel.

Rule 77(d) now provides:

Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing.  Any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers.  Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure.

Fed. R. Civ. P. 77(d).  Appellate Rule 4(a) now provides in relevant part:

The district court, if it finds (a) that a party entitled to notice of entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

Fed. R. App. P. 4(a)(6).

These versions of the rules are relatively new.  The Supreme Court ordered that the new version of Rule 77(d) "shall take effect on December 1, 1991, and shall govern all proceedings in civil actions thereafter commenced and, insofar as just and practicable, all proceedings in civil actions then pending."[1]  Similarly, the new version of Rule 4(a) "shall take effect on December 1, 1991,

---

[1] This order, which is dated April 30, 1991, is reproduced in the first part of the interim volume 111 of the Supreme Court reporter, at page 813, in the material preceding the opinions of the Court.

4

and shall govern all proceedings in appellate cases thereafter commenced and, insofar as practicable, all proceedings in appellate cases then pending."[2]

The Appellants filed their motion and the Appellees responded before December 1, 1991, but the district court rendered its decision after that date. The notice of appeal which commenced the instant appellate case, of course, was also filed after that date. We conclude that the new version of Rule 4(a) applies to this case because it is an "appellate case[] . . . commenced" after December 1, 1991. We also believe that it is "just and practicable" to apply the new version of Rule 77(d) to this case, a civil action pending before December 1. This conclusion accords with the general rule that courts apply procedural rules as they exist at the time of decision, as long as no manifest injustice results. See Belser v. St. Paul Fire & Marine Ins. Co., No. 91-3902, slip op. 5676, at 5679 (5th Cir. July 9, 1992). No manifest injustice can result in this case because the Appellants cannot prevail under either the old or the new versions, even though the new ones are more favorable to litigants who have not received notice of a district court order or judgment.

This Court has interpreted the old version of Rule 77(d) strictly. See Wilson v. Atwood Group, 725 F.2d 255 (5th Cir.) (en banc), cert. dismissed, 468 U.S. 1222 (1984). Under the exacting rule in Wilson, the Appellants could not prevail. Wilson and

---

[2] This order, which is dated April 30, 1991, is reproduced in the first part of the interim volume 111 of the Supreme Court reporter, at page 1011, in the material preceding the opinions of the Court.

5

decisions like it, however, prompted a revision in the rules in order "to permit district courts to ease strict sanctions now imposed on appellants whose notices of appeal are filed late because of their failure to receive notice of entry of a judgment." Fed. R. Civ. P. 77(d) advisory committee note (1991 amendment) (citing Wilson and other cases). The revision of Rule 4(a) was motivated by the same idea. Id.; Fed. R. App. P. 4(a)(6) advisory committee note (1991 amendment). The continuing viability of Wilson, on which the Appellees rely heavily, is now subject to question.

Nevertheless, the Appellants have failed to meet the requirements of the new rules. Rule 4(a)(6) allows the district court to grant relief if the specified requirements are satisfied, but the rule does not require the district court to grant the relief, even if the requirements are met. The abuse of discretion standard therefore continues to apply under the new rules. Furthermore, the Appellees argued before the district court, as they argue before this Court, that the relief would prejudice them, in contravention of Rule 4(a)(6)(b), and the Appellants' motion under Rule 60(b) did not meet the time requirements of the new rule.

In sum, the district court, when deciding whether to grant the Appellants relief under Rule 60(b), was faced with the following facts: First, the clerk had mailed notice to the Appellants' counsel, but the notice was not received because counsel failed to follow the local rule requiring him to inform the clerk in writing

6

of his change of address. Second, affidavits stated that Appellants and their counsel checked the docket sheet, but they failed to notice the entry of the district court order because it was noted on the reverse of the first page instead of on a separate page. This method of entry may be atypical but it is hardly unique. Finally, under the rules of civil and appellate procedure, as amended effective after the Appellants' motion and the Appellees' responses thereto but before rendition of the district court decision, the Appellants could not have gained relief. In light of these facts, we cannot say that the district court abused its discretion in denying the Appellants' motion.

### III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.