19 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James E. CAINE, Plaintiff-Appellee,
v.
Gordon R. SULLIVAN, Acting Secretary of the Army,
** Defendant-Appellant.
 No. 93-35580.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 11, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The Secretary of the Army ("Secretary") appeals the district court's denial of its motion pursuant to Fed.R.App.P. 4(a)(6) to reopen the time for appeal from the district court's judgment in favor of James Cain in his action pursuant to Title VII, 42 U.S.C. Sec. 2000e-16, alleging race discrimination. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review for abuse of discretion the district court's denial of a motion to reopen the time for filing an appeal pursuant to Fed.R.App.P. 4(a)(6). Matter of Jones, 970 F.2d 36, 39 (5th Cir.1992); cf. Pratt v. McCarthy, 850 F.2d 590, 594 (9th Cir.1988) (abuse of discretion standard of review for grant of extension of time for filing notice of appeal due to excusable neglect under Fed.R.App.P. 4(a)(5)).
 
 
 4
 The 1991 amendment to Fed.R.App.P. 4(a)(6) provides in relevant part that:
 
 
 5
 The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion ... reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.
 
 
 6
 The amendment provides "a limited opportunity" for relief under these specific circumstances. See Fed.R.App.P. 4 advisory committee's note to 1991 amendment; see also Jones, 970 F.2d at 39 (Fed.R.App.P. 4(a)(6) is permissive and does not require district court to grant relief even if the circumstances are met).
 
 
 7
 Here, Cain alleged that his employer, the Army, discriminated against him on the basis of race and age by failing to promote him despite his performance and by eliminating his position. Ruling in favor of Cain on the race discrimination claim, the district court awarded backpay damages and instructed the Secretary to retroactively promote Cain with time, grade seniority, and appropriate payments into his retirement accounts. The Secretary timely appealed, and this court vacated and remanded for the district court to issue appropriate findings, recompute the backpay, and dismiss the Department of the Army.
 
 
 8
 On October 6, 1992, Cain's counsel contacted Assistant United States Attorney Brian Kipnis, counsel for the Secretary to inform him that the district court needed information for the recalculation of the backpay damages in its amended findings on remand. Kipnis provided her with the relevant information on October 7, 1992.
 
 
 9
 The district court issued amended findings of fact and judgment was entered on October 16, 1992. The docket entry indicates that the amended findings and judgment were sent to both counsel of record on October 16, 1992. On October 19, 1992, Cain's counsel received the amended findings and judgment sent by the court.
 
 
 10
 On March 1, 1993, the Secretary moved for the district court to reopen the time for filing an appeal. Kipnis submitted a declaration stating that he first learned of the amended findings and judgment on February 23, 1993, during a telephone conversation with Cain's counsel. Kipnis also declared that the original counsel of record, Assistant United States Attorney Sally Gustafson, told him that she had never before seen a copy of the documents. Apparently, Kipnis and Gustafson never checked the docket sheet for the entry of a judgment.
 
 
 11
 Even assuming the Secretary did not receive actual notice of the amended findings and judgment, the district court was not required to grant relief. See Jones, 970 F.2d at 39. Further, Kipnis was aware that the district court was drafting the amended findings in October 1992 yet chose to take no action to ascertain the status of the case. Cf. Kramer v. Am. Postal Wkrs. Union, AFL-CIO, 556 F.2d 929, 930 (9th Cir.1977) (extension of time unwarranted under Fed.R.Civ.P. 77(d) where counsel knew of adverse ruling but failed to find out entry date). Upon review of the record, we therefore hold that the district court did not abuse its discretion by denying the Secretary's motion to reopen the time for filing an appeal.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Gordon R. Sullivan is substituted for James W. Shannon pursuant to Fed.R.App.P. 43(c)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3