United States Court of Appeals,

Fifth Circuit.

No. 94-60378

Summary Calendar.

Jimmy LANCASTER, Petitioner-Appellant,

v.

Dwight PRESLEY, et al., Respondent-Appellee.

Oct. 18, 1994.

Appeal from the United States District Court for the Northern District of Mississippi.

Before DUHÉ, WIENER and STEWART, Circuit Judges.

DUHÉ, Circuit Judge.

Pro Se Appellant Jimmy Lancaster (Lancaster) appeals from the denial of his motion for relief from judgment or order pursuant to Federal Rule of Civil Procedure 60(b).  We affirm.

## I. FACTS

On June 19, 1982, Jimmy Lancaster was convicted of capital murder in Mississippi state court, and sentenced to life in prison. The Mississippi Supreme Court affirmed his conviction.  *Lancaster v. State,* 472 So.2d 363, 368 (Miss.1985).

In July of 1987, Lancaster's counsel sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In March of 1989, a Magistrate Judge recommended that the habeas petition be denied. R. at 23.  Lancaster failed to object, and the district court adopted the magistrate's recommendation.  *Id.* at 38.

In May 1989, Lancaster's counsel filed a notice of appeal with the district court, and, on August 28, 1989, he filed his brief

1

with this Court. On December 5, 1989, this court struck Appellant's brief for failure to conform with Federal Rule of Appellant Procedure 28(g) and Fifth Circuit Local Rule 28.1. Lancaster's counsel failed to file an amended brief to cure the procedural defects, and we ordered the appeal dismissed for failure to prosecute on March 28, 1990. We denied Appellant's motion for enlargement of time to file his brief on May 7, 1990.

In June 1991—fifteen months after the appeal had been dismissed, and sixteen months after the last communication from his attorneys—Lancaster wrote to this Court to inquire as to the status of his appeal. Less than a week later, our Court Clerk informed Lancaster that his appeal had been dismissed in March of the previous year.

Over the next eighteen months Lancaster attempted to locate counsel to prosecute his appeal. He initially tried, unsuccessfully, to contact his previous attorneys. Next, Lancaster sought assistance within the inmate community. In February 1992, Lancaster located an inmate who claimed to have the requisite understanding to handle his cause, however, this inmate could not provide assistance for two or three months. In May 1992, with the assistance of new "counsel," Lancaster attempted to retrieve his file and records from his previous attorneys. The file and records were finally obtained in December 1992.

On December 29, 1992, over two-and-a-half years after dismissal of his appeal, Lancaster filed in the district court a Rule 60(b) motion to vacate or set aside its judgment denying him

2

habeas relief. In November 1993, the district court denied Appellant's motion. R. at 84. Lancaster petitioned the district court in January 1994 for leave to appeal the court's order out of time. R. at 92. The district court granted leave to file the appeal and a Certificate of Probable Cause, on May 25, 1994. R. at 105 and 107. Notice of this appeal was filed *nunc pro tunc* January 12, 1994. R. at 108.

## II. STANDARD OF REVIEW

We employ an abuse of discretion standard in our review of the district court's denial of Appellant's Rule 60(b)(6) motion. *Pease v. Pakhoed Corp.,* 980 F.2d 995, 998 (5th Cir.1993). "To overturn the district court's denial of this 60(b) motion, it is not enough that a grant of the motion might have been permissible or warranted; rather, the decision to deny the motion must have been sufficiently unwarranted as to amount to an abuse of discretion." *Fackelman v. Bell,* 564 F.2d 734, 736 (5th Cir.1977).

## III. DISCUSSION

In his Rule 60(b)(6) motion, Lancaster petitioned the district court to set aside its April 1989 order denying his application for writ of habeas corpus. The petition asked the district court, after vacating the previous order, to file a new order again denying the writ, thereby affording him the opportunity to file a timely appeal. Appellant asserted that such action

> would be a proper exercise of this Court's discretion to grant the relief sought because Petitioner Lancaster's appeal to the Fifth Circuit was dismissed due to gross negligence on the part of his attorneys with him being neither aware of their conduct nor participating in it in any way. Through no fault of his own, Petitioner Lancaster has been deprived of his

3

right to appeal and his day in court in the appellate court to which he was appealing.

R. at 52.

On its face, Lancaster's petition violates a fundamental tenet of this Circuit's construction of Rule 60(b), i.e., Rule 60(b) cannot be used to extend the time to appeal.[1] The fact that Appellant lacked contemporaneous knowledge of the entry of dismissal is not material to this issue. *Cf. Wilson v. Atwood Group,* 725 F.2d 255, 256-58 (5th Cir.1984) (en banc), *cert. dismissed,* 468 U.S. 1222, 105 S.Ct. 17, 82 L.Ed.2d 912 (1984) ("We have consistently held that the simple failure of the clerk to mail notice of the entry of judgment, without more, does not permit relief to a party who has failed to appeal within the prescribed time").[2]

---

[1]"This Court has ... repeated and firmly held that Rule 60(b) cannot be used to extend the time for appeal." The purpose behind that firm rule is explained by Professor Wright in his section on Rule 60(b)(6):

> The broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests. In particular, it ordinarily is not permissible to use this motion to remedy a failure to take an appeal. However this is not an inflexible rule and in unusual cases a party who has not taken an appeal may obtain relief on motion.

*In re Air Crash at Dallas/Fort Worth Airport,* 852 F.2d 842, 844 (5th Cir.1988).

[2]*See also,* Fed.R.Civ.P. 77(b); *In re Jones,* 970 F.2d 36, 38-39 (5th Cir.1992) (Setting forth the 1991 Amendments to Fed.R.Civ.P. 77(d) and Fed.R.App.P. 4(a), which now permit a district court to enlarge the time to file an appeal where 1) a party fails to receive notice from the district court clerk within 21 days of entry of a judgment or order; 2) no party is

Appellant's petition, however, goes beyond a simple request for an extension of time to file an appeal. In this case, Appellant is not the victim of counsel who failed to *file* an appeal, rather Appellant is the victim of counsel who *improperly filed* an appeal, and then allowed the time to perfect the appeal to lapse. As a result of counsel's neglect, this Court dismissed Appellant's appeal for failure to prosecute, and subsequently denied his motion for enlargement of time to file the brief.

In effect, Lancaster asks the district court to use Rule 60(b)(6) to overturn this Court's dismissal of his appeal. Quite obviously, the district court lacks jurisdiction to overturn an order of this Court.[3] Rule 60(b)(6) was not intended as a remedy for all wrongs, and certainly does not confer super-appellate jurisdiction on the district court.[4]

## IV. CONCLUSION

After a thorough review of the law and the record, we conclude that the district court lacked jurisdiction to grant Appellant's Federal Rule of Civil Procedure 60(b)(6) motion. Judge Davidson

---

prejudiced; and 3) a motion is filed within 180 days of entry or 7 days of receipt of notice, whichever is earlier).

[3]*See e.g. Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal").

[4]*See Crutcher v. Aetna Life Ins. Co.,* 746 F.2d 1076, 1083 (5th Cir.1984) ("Rule 60(b) was not designed to operate as an insurance mechanism for clients. Its purpose is not to give relief to the client who does not choose the best lawyer for the job").

properly exercised discretion in denying the motion.  The order of the district court is AFFIRMED.