UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60184
Summary Calendar
_____


MARTHA BRADDY,

Plaintiff-Appellant,

versus

BEVERLY ENTERPRISES, INC. d/b/a Albermarle Health Care Center,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(3 94 CV 298 LN)
_____
(October 20, 1995)

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Martha Braddy filed suit against Beverly Enterprises, Inc., alleging violations of the Civil Rights Acts of 1964 and 1991 (collectively, the plaintiff's "Title VII claims"). 42 U.S.C. §§ 2000e & 1981A. The district court granted summary judgment to the defendant and then denied the plaintiff's request for post-judgment relief. This court affirms the judgment.

_____

[*]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

## I.   BACKGROUND

In May 1994, the plaintiff filed a complaint alleging that, because of her race, the defendant a) issued her an "unwarranted" poor performance review; b) withheld her pay increase for thirty days and then reduced her raise by one percent; and c) harassed her in retaliation for her opposition to its allegedly discriminatory practices.

In August 1994, the defendant served interrogatories, requests for admissions, and requests for production of documents, materials and things on the plaintiff.  Braddy did not respond to the interrogatories and requests.  The defendant thus moved for summary judgment in October 1994.  The plaintiff also did not respond to the defendant's motion.  The district court granted summary judgment on January 5, 1995, dismissing the case with prejudice.

On January 21, 1995, --*eleven* business days after the district court's final judgment-- the plaintiff mailed a "Motion to Alter or Amend Judgment Pursuant to Rule 59 and Motion for Relief from Judgment and Motion to Alter or Amend Admissions" (the plaintiff's "motion for post-judgment relief") to the defendant.  This motion was not filed in the district court.  On February 11, 1995, the district court denied the motion.

Braddy now appeals the district court's grant of summary judgment and the denial of her motion for post-judgment relief.

2

## II.  DISCUSSION

### A.    District Court's Grant of Summary Judgment

The district court correctly granted summary judgment based on the plaintiff's failure to respond to the defendant's requests for admissions.  These admission requests were properly admitted as evidence.  Federal Rule of Civil Procedure 36 provides that a requested admission "is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection . . . ."  FED. RULE CIV. P. 36(a).

Given this evidence, summary judgment against the Braddy's Title VII claims was appropriate;[1] she could not set forth a prima facie case and could not demonstrate that the defendant's proffered reason for its allegedly discriminatory action was a pretext for discrimination.[2]  By failing to respond to the defendant's admission requests, Braddy admitted that:

> 1. Her poor performance evaluation caused the delay in, and reduced amount of, her pay increase;
>
> 2.  The defendant made no untruthful statements in the plaintiff's performance evaluations because of her race;
>
> 3.  The unflattering aspects of the plaintiff's performance review were not due to her race;

---

[1]      See Dukes v. South Carolina Ins. Co., 770 F.2d 545, 549 (5th Cir. 1985) ("When [appellants] failed to file a timely response to [appellee's] request for admissions, no genuine issue of material fact remained and summary judgment was appropriate.").

[2]      See St. Mary's Honor Center v. Hicks, __ U.S. __, 113 S.Ct. 2742 (1993) (setting forth elements of Title VII claim).

3

4. Most of the employees who received larger percentage pay raises than the plaintiff were African-American; and

5. The defendant had not harassed or intimidated the plaintiff for her opposition to its allegedly discriminatory employment practices.

The plaintiff thus conceded her Title VII claims.

## B. District Court's Denial of Plaintiff's Post-Judgment Motion

The district court did not abuse its discretion in denying the plaintiff's "Motion to Alter or Amend Judgment Pursuant to Rule 59, and Motion for Relief from Judgment and Motion to Alter or Amend Admission."[3]  First, Braddy's motion to alter or amend the district court's judgment could not be considered under Federal Rule of Civil Procedure 59;  her motion was untimely served for this purpose.  FED. RULE CIV. P. 59(e) (stating that motion to alter or amend judgment must be served no later than ten days after judgment).  Second, Braddy's motion for relief from the judgment does not fall under Federal Rule of Civil Procedure 60 because the motion does not request relief on any of the bases listed in that rule.  FED. RULE CIV. P. 60(b).

Further, the district court did not abuse its discretion in denying the plaintiff's argument to alter or amend her admissions because "the defendant has at all times known that

---

3    See Southern Constructors Group, Inc. v. Dynalectric Co., 2 F.3d 606, 611 (5th Cir. 1993) (stating that denial of Rule 59 motions reviewed for abuse of discretion); Lancaster v. Presley, 35 F.3d 229, 231 (5th Cir. 1994), reh'g and sugg. for reh'g en banc denied, 42 F.3d 639 (1994), cert. denied, __ U.S. __, 115 S.Ct. 1380 (1995) (stating that denial of Rule 60 motions reviewed for abuse of discretion); Scroggins v. Air Cargo, Inc., 534 F.2d 1124, 1133 (5th Cir. 1976), reh'g denied, 540 F.2d 1085 (1976) (stating that rulings on discovery motions reviewed for abuse of discretion).

4

the requested admissions were inconsistent with the [p]laintiff's true position in the matter." Rule 36 does not allow a party to alter or amend admissions on that ground, and Braddy has not demonstrated that the district court's grant of the motion would "subserv[e] . . . the presentation of the merits of the action." FED. RULE CIV. P. 36(b).

### III. CONCLUSION

Based on the foregoing reasons, the judgment of the district court is **AFFIRMED**.

5