**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-50489
Summary Calendar

VERONICA T. DAVIS,

Plaintiff-Appellant,

VERSUS

BAPTIST MEMORIAL HOSPITAL, doing business as Baptist
Medical Center Hospital, et al,

Defendants,

BAPTIST MEMORIAL HOSPITAL, doing business as Baptist Memorial Center Hospital,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Texas
(SA-93-CV-599)

January 9, 1998

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Veronica T. Davis sued Baptist Memorial Hospital System, her former employer, and several

of its employees for racial discrimination in violation of Title VII of the Civil Rights Act of 1964.

Following a jury trial, she recovered $15,000 in punitive damages. On November 13, 1995, both

parties filed post-trial motions seeking to amend the judgment. Davis specifically requested the court

to invoke its equitable powers to grant an appropriate remedy to compensate her for lost wages, both

past and future. On March 28, 1996, the district court denied all post-trial motions except that it

granted Davis an award of attorneys' fees. Davis filed a motion to reconsider on April 8, 1996, but

that motion was denied on April 30. Davis filed a notice of appeal on May 8,1996. This Court

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissed Davis's appeal as untimely on August 13, 1996.

On January 2, 1997, Davis filed more post-trial motions in the district court, seeking equitable relief, an opportunity to reopen her case, and a hearing. We read these motions to be filed under Fed. R. Civ. P. 60(b)(6).[2] The district court denied those motions on May 12, 1997. On June 10, 1997, Davis filed her notice of appeal. We review the district court's denial of Davis's Rule 60(b)(6) motion for abuse of discretion.[3]

We have held on numerous occasions that Rule 60(b) cannot be used as a substitute for a timely appeal.[4] The issues raised by Davis's current motion are substantially the same as those raised in her previous post-trial motions. The district court has already ruled against her, and Davis failed to perfect a timely appeal. Davis cannot revive that previous dispute by merely reasserting those issues in another Rule 60(b) motion.[5]

The district court did not abuse its discretion in denying Davis's motions. The judgment is AFFIRMED.

---

[2] Davis does not specifically state that she is relying upon this rule. Rule 60(b)(6) is the only possible basis for her motion, however, because that motion was filed after the 10-day time period for a valid Rule 59 motion and it does not qualify under subparts (1) - (5) of Rule 60(b).

[3] *Lancaster v. Presley*, 35 F.3d 229, 231 (5th Cir. 1994).

[4] *Id*.; *Latham v. Wells Fargo Bank*, 987 F.2d 1199, 1203 (5th Cir. 1993).

[5] *See Lancaster*, 35 F.3d at 232.

2