**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-51069**
**Summary Calendar**

_____

**RODNEY ADAM HURDSMAN,**

**Plaintiff-Appellant,**

**versus**

**WACKENHUT CORRECTIONS CORPORATION; J.D. WILLIAMS,**
**Warden; ABIGAIL GONZALES, Chief of Unit Classification**
**at the Travis County Community Justice Center; ALLAN**
**POLUNSKY, Chairman; WAYNE SCOTT, Director, Texas**
**Department of Criminal Justice, Institutional Division,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(A-97-CV-835-SS)**

_____
**June 1, 2000**

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

At issue is whether the district court abused its discretion in denying Texas prisoner Rodney Adam Hurdsman's FED. R. APP. P. 4(a)(6) motion to reopen the time to file his appeal.

Having dismissed Hurdsman's § 1983 action, without prejudice, for failure to state a claim, the district court entered judgment on 6 April 1999. *Hurdsman v. Wackenhut Corrections Corp.*, No. A

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

97-CA-835 SS (W.D. Tex. 5 April 1990). Hurdsman submitted a notice of appeal *on 30 May 1999*, stating his parents notified him his case had been dismissed (apparently the court sent notice to his parents' residence). On 13 September 1999, our court dismissed Hurdsman's appeal for lack of jurisdiction, because it was untimely filed. **Hurdsman v. Wackenhut Corrections Corp.**, No. 99-50582 (5th Cir. 8 Sept. 1999) (unpublished). On 30 September, Hurdsman moved to reopen the appeal period.

The district court clerk is required to serve notice of the entry of an order or judgment by mail to the parties immediately upon its entry. FED. R. CIV. P. 77(d). But, lack of notice does *not* relieve a party of filing a timely notice of appeal. *See **Latham v. Wells Fargo Bank, N.A.**,* 987 F.2d 1199, 1201 (5th Cir. 1993) ("[P]arties have a duty to inquire periodically into the status of their litigation".)

On the other hand, a district court "may" reopen the time to file an appeal if: the motion to reopen is filed within *the earlier* of 180 days after entry of judgment or within seven days after the moving party receives notice of such entry; the moving party did *not* receive notice within 21 days after entry; and "no party would be prejudiced". FED. R. APP. P. 4(a)(6)(A)-(C). The denial of such motion is reviewed for abuse of discretion. **In re Jones**, 970 F.2d 36, 39 (5th Cir. 1992).

- 2 -

Hurdsman contends he was unable to receive the order of dismissal and timely file a notice of appeal because of his place of incarceration being changed.  The district court found Hurdsman *met* the requirements of Rule 4(a)(6), because his having received notice only from his family, not the court, in May 1999 was insufficient to trigger the rule's seven-day window, and there would be *no* prejudice (defendants had *not* been served prior to dismissal).  But, noting that the rule does *not* require granting relief, even where a movant demonstrates non-receipt of the judgment and lack of prejudice to any party, the court denied the motion.  It did so because, despite Hurdsman's actual notice in May 1999 of the entry, Hurdsman failed to then notify the clerk of his address change, so that he could receive a copy of the judgment, and only moved to reopen in September, *after* our court's dismissal of his appeal as untimely.  ***Hurdsman***, No. A 97-CA-835 SS, Slip op. at 3.  We agree.  Accordingly, the district court did *not* abuse its discretion.  *See **Jones***, 970 F.2d at 39. (5th Cir. 1992).

In the light of our ruling, the motion for court-appointed counsel is **DENIED** as moot.

> ***AFFIRMED; MOTION FOR APPOINTED COUNSEL DENIED AS MOOT***