IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60392
Summary Calendar
_____


JAMES M. LYLE, IV,

                                        Plaintiff-Appellant,

versus

JOE PRICE, ET AL

                                        Defendants,

JOE PRICE, Sheriff; RICK GASTON, Captain;
BRUCE CARVER; NACAISE, Deputy; RICARDO DEDEAUX,
Deputy; MIKE HALL; CRANE, DR.; JACKIE NEELY, Nurse;
BOARD OF SUPERVISORS,

                                        Defendants-Appellees.

        *********************************

                - - - - - - - - - - -
                  CONSOLIDATED WITH
                    No. 99-60202
                - - - - - - - - - - -

JAMES M. LYLE, IV,

                                        Plaintiff-Appellant,

versus

STEVE PUCKETT, MDOC Commissioner; JOE BOND, Postal
Inspector, SMCI; UNKNOWN ASHBY, Sergeant; UNKNOWN CRAWFORD,
Female Sergeant; UNKNOWN RYALS, CO-1; BETTY CREECH;
FLORENCE JONES; UNKNOWN PROPER SMCI AUTHORITIES AND
OFFICIALS; UNKNOWN BAILEY, Colonel,

                                        Defendants-Appellees.


                - - - - - - - - - - - - - -
        Appeals from the United States District Court
          for the Southern District of Mississippi
                USDC No. 1:95-CV-296-RR c/w
                USDC No. 2:95-CV-428-PG
                - - - - - - - - - - - - - -

June 1, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The motion of James Lyle IV, Mississippi prisoner # 02386, to proceed in forma pauperis is GRANTED. Further, his motion to consolidate appeals No. 99-60392 and No. 99-60202 is GRANTED. Lyle's motion to reinstate and consolidate other closed appeals is DENIED. His motion to file reply out of time is GRANTED.

Lyle has moved for leave to appeal in forma pauperis (IFP) the district courts' denials of his motions under Fed. R. Civ. P. 60(b) in the above-captioned cases. The motions sought to convince the district courts that Lyle was not in fact barred from proceeding IFP in the district court due to the three-strikes provision of 28 U.S.C. § 1915(g). The district court further denied Lyle leave to appeal IFP due to the three-strikes bar. Recognizing that Lyle's motions raised significant questions about the three-strikes designation, we granted Lyle leave to challenge the district court's denial of IFP under the provisions of 28 U.S.C. § 1915(b). The district court has made the appropriate assessments for payment of the filing fees in both appeals, and the motions are now before us as a challenge to the district court's determination that Lyle's appeals are barred, under § 1915(g), unless he pays the full filing fee in advance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although we grant Lyle's motions to appeal IFP, we pretermit deciding whether Lyle's litigation history, at the time his cases were dismissed, supported the district courts' determinations. Even if those courts erred in designating Lyle's prior cases as strikes under § 1915(g), Lyle has foregone his right to challenge the underlying rulings. Lyle's appeals of the original dismissals of his district court cases were dismissed for failure to prosecute; Lyle did not pay the full filing fee nor did he attempt to challenge the three-strikes determination at that time. The current appeals are before us as denials of Rule 60(b) relief.

The denial of a Rule 60(b) motion for relief from judgment does not bring up the underlying judgment for review. In re Ta Chi Navigation (Panama) Corp. S.A., 728 F.2d 699, 703 (5th Cir. 1984). We review the denial of such a motion only for abuse of discretion. Travelers Ins. Co. v. Liljeberg Enterprises, Inc., 38 F.3d 1404, 1408 (5th Cir. 1994). Lyle's arguments do not fit under the first five subsections of Rule 60(b), and the "broad power" of Rule 60(b)(6) "is not for the purpose of relieving party from free, calculated, deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests. In particular, it ordinarily is not permissible to use this motion to remedy a failure to take an appeal." United States v. O'Neil, 709 F.2d 361, 373 n.12 (5th Cir. 1983) (citations and internal quotations omitted).

Lyle made the same arguments in his Rule 60(b) motions that he made prior to dismissal of the underlying actions. Rather

than challenge the district court's three-strikes designation on appeal, as he has done in the instant appeals, Lyle returned to the district court and filed Rule 60(b) motions.  Such motions cannot substitute for an appeal, nor can they extend the time for appeal.  See Lancaster v. Presley, 35 F.3d 229, 231 (5th Cir. 1994).  We cannot say that the district court abused its discretion in denying Rule 60(b) motions that did no more than reiterate arguments that had been made prior to dismissal. Accordingly, we dispense with further briefing and AFFIRM the rulings of the district courts in these consolidated cases.

AFFIRMED; MOTIONS TO PROCEED IN FORMA PAUPERIS GRANTED; MOTION TO CONSOLIDATE GRANTED; MOTION TO FILE REPLY OUT OF TIME GRANTED; MOTIONS TO REINSTATE AND CONSOLIDATE DENIED.