United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 3, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40649
Summary Calendar

_____

GENE E. DUDLEY,

Plaintiff-Appellant,

versus

N.L. CONNORS, Warden; UNKNOWN RICE, Caseworker;
MARIA ROSE, Counselor; KATHLEEN HAWKS, Director
of Bureau of Prisons, Washington, D.C.; PAUL
NICHOLAS; JOHN 2-5 DOES; R. ROUT, Mailroom
Personnel at El Reno Federal Correctional Institute;
UNKNOWN WILBURN, Officer, Mailroom Personnel;
RICHARD GOODSEAL, Mailroom Personnel; UNKNOWN
HENDERSON; Lieutenant, SHU Housing Unit Manager;
UNKNOWN HAMM, Officer; INSTITUTIONAL MANAGEMENT
SYSTEM OFFICER, El Reno Federal Correctional
Institute Management System Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:00-CV-308

_____

Before GARWOOD, EMILIO M. GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Gene E. Dudley, federal prisoner # 10961-045, appeals the

_____

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissal of his civil rights complaint. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Dudley filed a purported notice of appeal from the judgment of dismissal; however, that pleading did not "clearly evince" an intent to appeal, as the primary relief requested was reconsideration and Dudley sought to appeal only in the alternative. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). The pleading therefore did not constitute a timely notice of appeal from the judgment dismissing the complaint with prejudice, and, consequently, we have jurisdiction only to review the denial of his FED. R. CIV. P. 60(b) motion, from which he did file a timely notice of appeal, but our review is only for an abuse of discretion. *See Lancaster v. Presley*, 35 F.3d 229, 231 (5th Cir. 1994).

Dudley's contention that his proceedings were rendered unfair because the district court failed to consider his objections prior to adopting the recommendation of the magistrate judge is frivolous given that the district court did ultimately review the objections and deemed them meritless. Also frivolous is his contention that we lack jurisdiction over this appeal because there was no final judgment; the district court adjudicated all claims against all defendants.

Dudley's conclusional allegations that the defendants fraudulently misrepresented whether his claims were exhausted are an insufficient basis on which to grant Rule 60(b)(3) relief. *See*

2

*Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 772 (5th Cir. 1995). Finally, with respect to Dudley's argument that his unexhausted claims were erroneously dismissed with prejudice he has demonstrated no abuse of the district court's discretion in denying Rule 60(b) relief in that respect. *See Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (abuse of discretion is standard of review of denial of Rule 60(b) relief).

AFFIRMED.