**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 3, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 03-60494

(Summary Calendar)

_____

LAURIE HAMLIN PICOU,

Plaintiff - Appellee-Cross-Appellant,

versus

CITY OF JACKSON MISSISSIPPI,

Defendant - Appellant-Cross-Appellee.

_____

Appeal from the United States District Court
For the Southern District of Mississippi
USDC No. 3:99-CV-604

_____

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Following a remand from this Court, Laurie Hamlin Picou was awarded one dollar in nominal

_____

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

damages based on a jury verdict finding that the City of Jackson had engaged in sex discrimination and retaliation. Picou was also awarded $10,000 in attorney's fees. The City of Jackson contends that the attorney's fees award constitutes an abuse of discretion. Picou contends that the district court abused its discretion in granting the City of Jackson's motion to reopen the time to file an appeal. We find that the district court did not abuse its discretion, and therefore AFFIRM.

Picou, a Jackson police officer, sued the City under Title VII for sex discrimination and retaliation. The jury found in her favor and awarded $400,000 in emotional distress damages. The district court granted remittitur to $50,000 which was accepted by Picou. The district court also awarded $40,000 in attorney's fees. On appeal, this Court vacated the emotional distress damages, finding there was insufficient evidence of emotional distress. On remand, the district court awarded Picou one dollar in nominal damages, and reduced her attorney's fees award to $10,000. The court found that, although she did not receive compensatory damages, she established sex discrimination which would deter future discrimination. Picou's success was thus limited and her attorney's fees were reduced to reflect her degree of success.

We review the award of attorney's fees for abuse of discretion. *Hopwood v. State of Texas*, 236 F.3d 256, 277 (5th Cir. 2000). "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief . . . the only reasonable fee is usually no fee at all." *Farrar v. Hobby*, 506 U.S. 103, 115 (1992). However, plaintiffs who do not receive requested specific injunctive or monetary relief may be entitled to attorney's fees when they achieve a compensable goal such as deterring unconstitutional behavior. *See Hopwood*, 236 F.3d at 278. Attorney's fees are appropriate when such goals are achieved because "Section 1988 is a tool that ensures the vindication of important rights, even when large sums of money are not at stake, by

making attorney's fees available under a private attorney general theory." *Id*. (internal quotation marks and citations omitted).

Here, the district court found that Picou had achieved a compensable goal, she established discrimination based on sex, which should serve as a deterrent to the Jackson Police Department in the future. Furthermore, contrary to the district court in *Farrar*, here the district court considered the relationship between the extent of success and the amount of the attorney's fee award. The district court weighed Picou's overall degree of success, considered her lack of compensatory damages, but still found she succeeded in deterring future discrimination. The district court ultimately reduced her attorney's fee award by one-fourth. The district court therefore awarded attorney's fees designed to reflect Picou's degree of success. We cannot conclude that this careful consideration was an abuse of discretion.

Picou argues that the district court abused its discretion in granting the City of Jackson's motion to reopen the time to file an appeal. A district court may grant a timely motion to reopen the time to file an appeal if it finds the moving party was entitled to notice of entry of the judgement or order, but did not receive notice from the district court or any party within 21 days after entry, and the court finds no party would be prejudiced. Picou contends that the City of Jackson's failure to receive notice was attributable to its own lack of diligence in notifying the court of its address changes. Although a district court can deny a motion to reopen when a party's failure to receive notice is due to its own lack of diligence, it is not required to do so. *See Jones v. W.J. Services, Inc*. 970 F.2d 36 (5th Cir. 1992); *Latham v. Wells Fargo Bank*, 987 F.2d 1199 (5th Cir. 1993). Picou does not allege that she was prejudiced by reopening the time to file an appeal. Therefore, the district court did not abuse its discretion in granting the motion to reopen the time to file an appeal.

AFFIRMED.