# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 15, 2021

Lyle W. Cayce
Clerk

No. 20-10099

PAUL EUGENE LAWSON,

*Plaintiff—Appellant*,

*versus*

WILLIAM STEPHENS, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*; UNKNOWN, *Custodian of Offender Records*; VICKIE BARROWS, *Director of Access to Courts*; DIRECTORS REVIEW COMMITTEE, *Coordinator/Supervisor, individually and in their official capacities*; MAILROOM SYSTEM COORDINATOR'S PANEL, *Director, individually and in their official capacities*; MAJOR RICHARD WATHEN, *Warden at the JV Allred Unit*; CHRISTOPHER BRANTLY, *Investigating Officer for the Allred Unit Safe Prison Program*; CINDY CIGSBEE, *Clerk/Technician of the Access to Courts Office*; JAMES P. ANDERS, *Assistant Warden at the James V. Allred Unit*; CHARLES R. HORSLEY, *Assistant Warden at the James V. Allred Unit*; LISA S. JAMES, *Sergeant of Safe Prisons Program at the Allred Unit*; J. WILLIS, *Officer for the Allred Unit Safe Prisons Program*; MALCOM WISE, *Officer for the Allred Unit Safe Prisons Program*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:15-CV-173

Before JONES, DUNCAN, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Paul Eugene Lawson, former Texas prisoner # 00675063, moves for leave to appeal in forma pauperis (IFP) from the district court's denial of his motion to reopen his time to appeal various motions associated with his previously dismissed civil rights complaint.  In November 2019, this court dismissed Lawson's initial appeal from the district court's denial of these motions for want of jurisdiction because his notices of appeal were untimely. The district court then dismissed as untimely Lawson's subsequent motion to reopen his time to appeal these motions and denied his motion to proceed IFP on appeal, certifying that the appeal was not taken in good faith because an appeal would be frivolous.  Lawson now contends, as he did in the district court, that he failed to receive notice of the denial of these motions and only became aware that they had been denied when he received this court's November 2019 dismissal of his prior appeal.

By filing an IFP motion in this court, Lawson challenges the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  His motion "must be directed solely to the trial court's reasons for the certification decision," *id.*, and this court's inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore [is] not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  Under Federal Rule of Appellate Procedure 4(a)(6), the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered if three conditions are met: (1) the district court must find "that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry"; (2) the request for relief

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

under Rule 4(a)(6) must be "filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier"; and (3) the district court must find that no party will be prejudiced.

The district court implicitly denied the prejudgment motions implicated in this appeal when it issued its final judgment dismissing the civil rights complaint on June 22, 2018. *See Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017); *Tollett v. City of Kemah*, 285 F.3d 357, 369 n.* (5th Cir. 2002). Lawson does not contend that he failed to receive notice of the judgment within 21 days of its entry, and he filed a timely appeal challenging the judgment. His contention that he was unaware that his prejudgment motions were denied until November 22, 2019, is belied by the fact that he filed notices to appeal the denial of these motions on April 4, 2019. In those appeal proceedings, he expressly acknowledged that the motions were denied when the district court issued its final judgment dismissing his complaint on June 22, 2018. He was thus notified of the denial of the motions, and the district court did not abuse its discretion in denying as untimely his motion to reopen his time for appeal. *See* Fed. R. App. P. 4(a)(6)(B); *In re Jones*, 970 F.2d 36, 39 (5th Cir. 1992).

With the benefit of liberal construction, Lawson also seeks to reopen his time to appeal the denial of a "complaint in interpleader" that the district court received three days after entering judgment. The district court did not expressly rule on this pleading; nor did it construe it as a motion. Thus, it is not evident that there is any order for Lawson to appeal. In response to similar motions filed by Lawson in a different proceeding, we held that his "motions to intervene and to join himself in his own lawsuit are facially absurd." *Lawson v. United States Dep't of Just.*, 819 F. App'x 260, 261 (5th Cir. 2020). The district court did not abuse its discretion by failing to reopen

No. 20-10099

Lawson's time to appeal related to this frivolous pleading. *See In re Jones*, 970 F.2d at 39.

Lawson has failed to show that his appeal involves legal points of arguable merit. *See Howard*, 707 F.2d at 220. His IFP motion is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24. Lawson is REMINDED that he has now accumulated more than three strikes and that he is barred from filing any pleadings, as a prisoner, in this court or any court subject to this court's jurisdiction unless he first obtains leave of the court in which he seeks to file his pleadings. Lawson is CAUTIONED that filing any future frivolous or repetitive challenges to his conviction in this court or any court subject to his court's jurisdiction will subject him to progressively more severe sanctions. Further, he should review any pending matters in this court and move to dismiss any that are frivolous, repetitive, or otherwise abusive.